JOSEPH BELL *vs.* AUGUSTUS E. SPAULDING.

One who has performed labor as an, operative for a corporation organized under *St.* 1851, *c.* 133, cannot maintain an action at law against a stockholder to recover for the same

CONTRACT against a stockholder in the Boston Papier Maché Company, a corporation organized under *St.* 1851, *c.* 133, to recover for labor performed by the plaintiff as an operative for the corporation, which had refused to pay for the same on demand made within six months after the labor was performed. In the superior court, a demurrer to the declaration was sustained, and judgment rendered for the defendant, and the plaintiff appealed to this court.

*B. C. Moulton,* for the plaintiff.

*D. S. Richardson,* for the defendant.

BIGELOW, C. J. This action at law cannot be maintained. The liability which the plaintiff seeks to enforce is created by *Sts.* 1851, *c.* 133, § 15, and *c.* 252, § 1. These same statutes provide that the remedy to which a party shall be entitled in order to recover from the stockholders the amount due to him from a corporation for labor as an operative shall be the same as " provided in the thirty-sixth chapter of the Revised Statutes in cases of individual liability of stockholders." On reference to this chapter, which contains the general provisions of law for the regulation of banking corporations, it will be found that the only enactments concerning the individual liability of stockholders in banks are contained in the thirtieth and thirty-first sections. These sections do not prescribe any particular remedy for the enforcement of the liability which they create. But by the decisions of this court, it was long since determined that the only appropriate mode in which stockholders can be charged under these sections is by a bill in equity. *Harris* v. *First Parish in Dorchester,* 23 Pick. 112. *Crease* v. *Babcock,* 10 Met. 525. These decisions were published and well known as the authoritative constructions of these provisions of the Revised Statutes, at the time the statutes of the year 1851. which

41*

create the liability to enforce which the present action is brought, were passed. The inference is therefore necessary and inevitable, that the legislature intended to give to parties claiming to hold stockholders liable under the provisions of these last statutes the same remedy only, to which persons were entitled under the previous provisions of the Revised Statutes, to which reference is expressly made.

And there was certainly very strong reason for confining parties in the enforcement of such claims to the remedy of a bill in equity. It would be very vexatious and oppressive to render stockholders liable to separate suits at law for the small sums which might be due to each operative for labor performed in behalf of the corporation. Nor would such remedy be so advantageous to the creditors as that afforded in a court of equity, where the claims of all might be adjusted and enforced in a single suit brought by one or more in behalf of all having similar claims on the corporation.

It was urged by the counsel for the plaintiff, that this action at law might be maintained under Gen. Sts. *c.* 68, § 16. This argument would be well founded if the claim of the plaintiff was against a corporation organized under an act of incorporation passed since the 11th of March 1831, or under a special or general act subsequent to the enactment of the General Statutes. The remedy provided by the above section of the General Statutes is expressly limited to claims against corporations falling within these two classes. In the present case, it appears by the declaration that the corporation against which the plaintiff's claims accrued was organized under the *St.* of 1851, *c.* 133, " relating to joint stock companies." It is not therefore included within the description of corporations mentioned in Gen. Sts. *c.* 68, § 16.

*Demurrer sustained ; judgment for the defendant.*